EMMA EWELL, Respondent, *v.* DAVID C. HUBBARD and EDWARD WALTER HUBBARD by MICHAEL L. COLEMAN, his Guardian ad Litem, Appellants, Impleaded with Others.

*Merger — assignment of a mortgage to the owner of the equity of redemption — costs in an action to foreclose the mortgage assigned to secure a note.*

Where a person who acquires title to an undivided interest in premises subject to a mortgage, thereafter takes an assignment of the mortgage and subsequently assigns it to a third person as security for the latter's liability as surety upon a note given by such assignor, no merger takes place.

Where the mortgage is foreclosed because of the owner's failure to pay the note, he may properly be compelled to pay the expenses of the litigation, including an allowance to the guardian *ad litem* of an infant defendant, and an option given to him to have the judgment discharged upon payment within ten days after its entry of the amount due upon the note and the sum allowed to the guardian *ad litem* and the expenses of sale, if any, is all that he is entitled to receive at the hands of the court.

In the absence of an appeal by the plaintiff from the judgment of foreclosure, the failure to award her costs, according to the ordinary practice of the court, is not a ground for interfering with the judgment.

APPEAL by the defendants, David C. Hubbard and another, from a judgment of the County Court of Wyoming county, entered in the office of the clerk of the county of Wyoming on the 12th day of April, 1899, upon the decision of the court rendered after a trial at a term of said court.

The action was brought for the purpose of foreclosing a mortgage executed by Henry Hubbard, father of the defendant David C. Hubbard, given for purchase money. After the death of the mortgagor the defendant David C. Hubbard became the owner of six-sevenths of the property covered by the mortgage, and he took an assignment of the mortgage and subsequently assigned it to Charles F. Miller as security for the payment of a note of $350, upon which Miller had become surety for David C. Charles F. Miller subsequently assigned the mortgage and the note to one George M. Miller. After Miller had been obliged to take up the note and while he was holding the note and the mortgage assigned to him as collateral security, a conversation was held between him and David C. Hubbard, resulting in an understanding that if Hubbard would deliver to Miller a horse valued and agreed to be worth $50 and pay, within a few days, $200, he, Miller, would surrender the note and mortgage. The horse was delivered. The money was not paid and never has been paid. Miller subsequently assigned the mortgage and the plaintiff became the owner of the same, together with the note to which it was collateral. The court has allowed the plaintiff to recover for the amount remaining due upon the note, and directed that the proceeds of the foreclosure be applied to pay the balance remaining due upon the note, and that any further proceeds arising from the foreclosure be delivered to David C. Hubbard.

*Brown & Coleman*, for David C. Hubbard, appellant.

*Michael L. Coleman*, guardian *ad litem*, for Edward Walter Hubbard, appellant.

*Irving G. Botsford*, for the respondent.

HARDIN, P. J.:

The appeal before us is only by David C. Hubbard and Edward Walter Hubbard, by guardian. There is no appeal by the plaintiff, and she cannot complain that costs of the action were not allowed to

her, as, according to the usual course and practice, such costs might have been allowed to her.

(2) There is no averment of a merger of the mortgage by the transfer of the same to David C. Hubbard. Whether a merger takes place depends upon the intention of the parties. (*Clift* v. *White*, 12 N. Y. 519.)

The act of David C. Hubbard in transferring the mortgage to secure his surety seems to indicate that he did not intend to have the mortgage merged, and that he intended that it should be kept alive and a lien upon the premises, to a portion of which he had derived the title.

Mrs. Clara Tompkins, in April, 1892, held a promissory note made by Hubbard, upon which C. F. Miller was surety for Hubbard, and on the 18th of April, 1892, Hubbard, by an instrument in writing, duly executed, assigned the mortgage to Charles F. Miller to secure him, and Charles F. Miller, prior to the 31st of July, 1894, paid the amount secured to be paid by the note to Mrs. Tompkins, the payee, who thereupon indorsed and delivered the note and mortgage to said Charles F. Miller, who died intestate, and his administratrix duly assigned the mortgage and delivered the note to George M. Miller.

The court found as matter of fact, viz. :

" That thereafter, and on or about the month of November, 1896, said defendant David C. Hubbard and said George M. Miller entered into an agreement whereby said defendant David C. Hubbard agreed to pay to said George M. Miller the sum of two hundred dollars in money, *in a few days* and to deliver to said George M. Miller a certain horse, the value of which was then fixed by the said defendant David C. Hubbard and the said Miller at fifty dollars, and said Miller agreed that upon the said payment being made in the manner aforesaid he would accept the same in full payment of said note and surrender said mortgage."

We think that finding of fact was authorized by the evidence. Hubbard, however, never paid the $200, and, therefore, never became entitled to the full benefit of the negotiations had between him and George M. Miller. The $50, the value of the horse, has been indorsed upon the note and is credited by the court.

Subsequently, and on the 22d of December, 1896, George M. Miller sold and delivered the note, and by an instrument in writing duly assigned the mortgage to the plaintiff, and she thereby became the owner of the note and mortgage, and was entitled to enforce the same as against David C. Hubbard for the amount remaining unpaid upon the said note, and the court, upon satisfactory evidence, has so found.

The trial court has also found that Harry Hubbard and Edward Walter Hubbard are each the owners of an equal undivided one-fourteenth part of the premises covered by said mortgage, subject to the unadmeasured dower interest therein of the defendant Emma Hubbard.

The trial court has found that the defendant David C. Hubbard is the owner of the remainder of said mortgage after satisfying from the proceeds of it the interest of the plaintiff therein, and that the plaintiff is entitled to hold the mortgage and the first proceeds arising from the foreclosure thereof as collateral security for the balance remaining unpaid upon the note, and has ordered judgment in accordance with such finding. It has found that the note and the interest amount to $447.06, and directed judgment awarding to the plaintiff that sum, and provided that the defendant David C. Hubbard be paid the balance that may arise upon the foreclosure.

We see no occasion to disturb the findings of fact made by the trial court.

This was an equity action and the court exercised its discretion in respect to the award of costs; and although it allowed no costs to the plaintiff, as the plaintiff, according to the usual course and practice, would be entitled to have been allowed, yet as there is no appeal or question made by the plaintiff concerning the action of the court in that regard, there is no occasion to interfere with that part of the judgment.

The court gave the defendant David C. Hubbard an option or opportunity to pay the plaintiff, within ten days after service of the entry of judgment, the sum found due to the plaintiff and the sum allowed to the guardian *ad litem* and the expenses of sale, if any, and thereupon to have a satisfaction and discharge of the judgment. We think that opportunity and the option awarded to the defendant Hubbard were reasonable and all that, under the circumstances

disclosed by the evidence, he was entitled to receive at the hands of the court.

The court allowed forty dollars as costs to the guardian *ad litem* of the infant defendant, Edward Walter Hubbard. That sum does not seem to be unreasonable, nor does it seem to be an improper exercise of discretion to direct that that sum be paid out of the proceeds of any sale which may be made. If David C. Hubbard had paid the note which he gave, which his surety was obliged to pay, he would have avoided the litigation which has ensued. He failed to make such payment, and it is not inequitable that he should bear the burden of the litigation which has ensued, including a suitable allowance rendered in behalf of the guardian *ad litem* of an infant defendant properly made a party to the action in order to cut off his right of redemption in the event the premises were sold under a decree to be entered in this case. He did not seem to be fortunate in disclosing the real rights and interests of the infant defendant, and his omission to make such disclosure early seems to have occasioned some delay and the cause of protracting litigation. We think, under the rule laid down in *Cross* v. *Smith* (85 Hun, 49) and cases there cited, that the court did not abuse its discretion in the premises in respect to the costs awarded to the guardian *ad litem.*

The judgment should be affirmed, with costs of the appeal against David C. Hubbard personally.

All concurred.

Judgment affirmed, with costs against David C. Hubbard personally.